Zach Cowan, City Attorney, SBN 96372
Lynne S. Bourgault, Deputy City Attorney, SBN 180416
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone:  (510) 981-6998
Facsimile:  (510) 981-6960
Email:  LBourgault@cityofberkeley.info

Attorneys for Defendants JESSE ARREGUIN,
ANDREW GREENWOOD, CITY OF BERKELEY
POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA ROBLES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, BERKELEY, ET AL.,<br><br>　　　　Defendants. | No.  3:17-cv-03235 CW<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS CITY OF BERKELEY, MAYOR JESSE ARREGUIN AND CHIEF ANDREW GREENWOOD TO DISMISS THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:   August 22, 2017<br>Time:   2:30 p.m.<br>Crtrm: TBD |

**NOTICE IS HEREBY GIVEN** that on August 22, at 2:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California, defendants City of Berkeley (improperly sued as Berkeley Police Department), Mayor Jesse Arreguin, and Police Chief Andrew Greenwood, will and hereby do move the Court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

Defendants make this motion on the following grounds:

(a) As to plaintiff's First and Second Causes of Action pursuant to 42 U.S.C. section 1983, that plaintiff has failed to state sufficient facts upon which a claim for relief may be granted;

(b) As to plaintiff's Third, Fourth, Sixth, Seventh and Tenth causes of action, that plaintiff has failed to exhaust administrative remedies.

1       This motion is based upon this Notice of Motion and Motion, the below Memorandum of
2 Points and Authorities, the Request for Judicial Notice, the Complaint on file in this action, and
3 other matters as may be presented to the Court at the time of the hearing.

4 Dated: July 13, 2017               Zach Cowan, City Attorney
                                             Lynne Bourgault, Deputy City Attorney

                                     By: _____/s/_____
                                            LYNNE BOURGAULT
                                            Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION AND FACTUAL ALLEGATIONS

Plaintiff Kiara Robles ("plaintiff") has sued, among others, the City of Berkeley,[1] Berkeley Mayor Jesse Arreguin, and Berkeley Police Chief Andrew Greenwood (hereinafter "the City of Berkeley defendants").  Mayor Arreguin and Police Chief Greenwood are being sued both in their personal as well as "official" capacities.  Complaint at ¶¶ 10, 19.

### I.     Allegations related to Mayor Arreguin

Plaintiff alleges that Mayor Arreguin made a "conscious decision" to withhold police protection for her and "for Pro-Republican attendees of the Milo Yiannopoulos" event scheduled for February 1, 2017 on the University of California, Berkeley, campus ("UC campus"). Complaint ¶ 1 at 5:14-16; 7:19-22; ¶ 28.  She alleges that Mayor "Arreguin implemented a stand down order to UCPD and the BPD" and "instructed law enforcement not to intervene while pro-President Trump/pro-Milo Yiannopolous [sic] supporters were being violently attacked." *Id*. 11:17-20.  She claims Mayor Arreguin has been "credibly accused" of "implementing a stand down order to UC Berkeley police and the City of Berkeley Police Department during the Milo Yiannopoulos riots, instructing law enforcement not to intervene while pro-President Trump/pro-Milo Yiannopolous [sic] supporters were being violently attacked." *Id*. ¶ 33; ¶ 89.

She further alleges that Mayor Arreguin "intentionally discriminated against" her "as a gay individual." *Id*. at 6:2-5.  And she alleges that Mayor Arreguin acted "in concert" with defendants associated with UC Berkeley and UC Regents to deny "the First Amendment rights of students and invitees who share a different viewpoint from their own radical, leftist views . . . ." *Id*. at 11:12-15.

### II.    Allegations related to Police Chief Greenwood and City of Berkeley

With respect to Chief Greenwood, plaintiff alleges that Chief Greenwood "chose to withhold" police aid to the event despite seeing "attendees being viciously attacked by 'protesters.'" *Id*. ¶ 33.  With regard to BPD and Chief Greenwood, she alleges they "should have

---

[1] City of Berkeley is incorrectly sued herein as "Berkeley Police Department."  The police department is a division of the City of Berkeley and has no capacity to sue or be sued.

been fully prepared for violence to break out at the Milo Yiannopoulos event" and "acted accordingly by providing effective police protection to those attending the event." *Id.* at 9:1-3; 9:11-13; 9:18-21.

### III. Allegations of harm to plaintiff as a result of City of Berkeley defendants' actions or inactions

As a consequence of the alleged "stand down" orders, plaintiff alleges that "an unknown assailant" sprayed her "in the face with painful pepper spray." *Id.* ¶ 63. Another "unknown assailant" sprayed her in the face with "bear mace." *Id.* She alleges "no police officers [were] close enough to Plaintiff Robles to protect her from her assaulter." *Id.* ¶ 65. She further alleges she was struck in the "face and body with flagpoles" by "protesters." *Id.* ¶ 67.

### IV. Plaintiff's causes of action against the City of Berkeley defendants

Plaintiff's complaint alleges the following claims against the City of Berkeley defendants:

| Number | Cause of Action | Named Defendant | Basis for Dismissal |
|---|---|---|---|
| First Cause of Action | 42 U.S.C. § 1983 First Amendment right to freedom of speech and assembly | City of Berkeley Mayor Arreguin | Failure to state a claim |
| Second Cause of Action | 42 U.S.C. § 1983 Equal Protection Clause, discrimination based on sexual orientation | City of Berkeley Mayor Arreguin | Failure to state a claim |
| Third Cause of Action | Negligence | Mayor Arreguin | Failure to exhaust administrative remedies |
| Fourth Cause of Action | Gross Negligence | Mayor Arreguin | Failure to exhaust administrative remedies |
| Sixth Cause of Action | Negligent Infliction of Emotional Distress | City of Berkeley Mayor Arreguin Chief Greenwood | Failure to exhaust administrative remedies |
| Seventh Cause of Action | Intentional Infliction of Emotional Distress | City of Berkeley Mayor Arreguin Chief Greenwood | Failure to exhaust administrative remedies |
| Tenth Cause of Action | California Civil Code § 52.1 (Bane Act) | City of Berkeley Mayor Arreguin Chief Greenwood | Failure to exhaust administrative remedies |

| Eleventh Cause of Action | Injunctive Relief | Chief Greenwood City of Berkeley | Failure to state a claim |

# ARGUMENT

## I.     Legal standard for granting motion to dismiss

A motion to dismiss under FRCP 12(b)(6) must be granted where there is an "absence of 'sufficient factual matter to state a facially plausible claim to relief.'"  *Ochoa v. City of Hayward*, 2014 WL 4088203 *3 (N.D. Cal. August 19, 2014) (*citing Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235 (3d ed. 2004)).

"[A] pleading will not be sufficient to state a claim under §1983 if the allegations are mere conclusions.  *Kennedy v. H&M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976).  "Sweeping conclusory allegations will not suffice; the plaintiff must instead 'set forth specific facts as to each individual defendant's' deprivation of protected rights."  *Ball v. California Department of Corrections*, 2013 WL 5272991 (N.D. Cal. Sept. 17, 2013) (*quoting Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1981)).

Additionally, the court need not accept as true allegations in a complaint that are contradicted by facts that are properly subject to judicial notice.  *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010).

## II.     Plaintiff fails to state a claim for violation of the First Amendment

To state a claim for relief under 42 U.S.C. section 1983 based on an alleged First Amendment violation, a plaintiff must allege that (1) the defendants took action that would "chill or silence a person of ordinary firmness from future First Amendment activities" and that

1  (2) defendants' "desire to cause the chilling effect was a but-for cause" of their conduct.

2  *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-01 (9th Cir. 2008) (*quoting Skoog v.*

3  *County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006)).

4  Plaintiff alleges that Mayor Arreguin violated plaintiff's First Amendment right to free

5 speech and freedom of assembly by ordering police officers "not to intervene" to protect pro-Trump

6 supporters such as herself at the Yiannopoulos event. Complaint at ¶1 at 5:11-16; 11:17-20.

7  The Court does not have to accept as true plaintiff's allegation that the Mayor directed

8  the activities of the City of Berkeley police department because such allegations contradict facts

9  that are properly subject to judicial notice. *Von Saher, supra*, 592 F.3d at 960. The Court may

10 take judicial notice of the fact that, pursuant to the Charter of the City of Berkeley, the mayor

11 (including Mayor Arreguin) lacks authority to direct the actions of any city department or

12 division, including the Berkeley Police Department. Only the City Manager has authority to

13 "exercise control over" the police department. *See* Request for Judicial Notice ("RJN") and Exh.

14 A (Charter of the City of Berkeley, Article VI ("The Mayor"), Section 21 ("The Mayor's

15 Powers") and Article VII ("Executive and Administrative Departments") Section 27 ("The City

16 Manager").

17  The City's Charter confers upon the Mayor only such powers as are made explicit by the

18 City Charter, and "no others." *Id*. The Mayor (and councilmembers) are specifically prohibited

19 from giving "orders to any of the subordinates of the City Manager, either publicly or privately."

20 *Id*. (Article VII, Section 28). The Charter requires that the elected officials "deal with

21 administrative service solely through the City Manager," because the City Manager is the

22 "administrative head of the Municipal Government" and is "responsible for the efficient

23 administration of <u>all departments.</u>" *Id*. (emphasis added).

24  Plaintiff's allegation that Mayor Arreguin gave orders to the Berkeley Police Department

25 and directed the department's activities is therefore directly contradicted by judicially noticeable

26 facts regarding the Mayor's authority (or lack thereof) to direct the police department. The

27 allegation that he ordered the activities of the University of California police department is also

28 contradicted by the judicially noticeable fact that UC police are established by and under the

authority of the Regents of the University of California.  *See* RJN and Exh. B (California Education Code § 92600).  Thus, because the Court does not have to accept as true plaintiff's allegations that Mayor Arreguin directed the activities of the Berkeley and UC police departments, plaintiff's First Cause of Action fails to state a claim and should be dismissed.[2]

Even if the Mayor had authority to direct the activities of the Berkeley Police Department, which he does not, his actions would be entitled to absolute immunity.  "Local legislators are entitled to absolutely immunity from § 1983 liability for their legislative activities."  *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998).  The question whether an act is legislative turns on the nature and character of a particular act, and not on a bright line rule.  *Community House, Inc. v. City of Boise*, 623 F.3d 945, 963-964 (9th Cir. 2010).  "Moreover, the question of the intent of the individual defendants is strictly off-limits in the legislative immunity analysis"; "inquiry into whether the officials' actions were legislative must be 'stripped of all considerations of intent and motive.'"  *Id*. at 960 (quoting Bogan, supra, 523 U.S. at 55).

### III. Plaintiff fails to state a claim for violation of equal protection

Plaintiff's Second Cause of Action alleges intentional sexual orientation discrimination under the Equal Protection clause of the Fourteenth Amendment and names Mayor Arreguin and City of Berkeley as defendants.[3]  To state a claim under the equal protection clause, "a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff must allege defendant's conduct had "both a discriminatory effect and a discriminatory motivation."  *Richards v. City of Los Angeles*, 261 Fed. Appx. 63, 65 (9th Cir. 2007).  Section 1983 selective enforcement claims are evaluated in accordance with "ordinary equal protection standards."  *Wayte v. United States*, 470 U.S. 598, 608 (1985).

Plaintiff alleges that Mayor Arreguin "chose to withhold police protection at the Milo

---

[2] The City of Berkeley police department is also named as a defendant in the First Cause of Action.  *See* section IV below, discussing why plaintiff has failed to state a claim against the City under 42 U.S.C. § 1983.

[3] *See* section IV below, discussing why plaintiff has failed to state a claim against the City under 42 U.S.C. § 1983.

1  Yiannopolous [sic] event because Milo Yiannopolous [sic] and a large number of his supporters,
2  including Plaintiff Robles, are gay." Complaint ¶ 105.

3   First, plaintiff's equal protection claim suffers from the same fatal flaw as her First
4  Amendment claim.  The Court does not have to accept as true plaintiff's allegation that the
5  Mayor directed the activities of the City of Berkeley police department because such allegations
6  contradict facts that are properly subject to judicial notice, namely, that the Mayor lacks
7  authority to direct the activities of the police department.  *Von Saher, supra*, 592 F.3d at 960; *see*
8  RJN and Exh. A.  Since the Court does not have to give credence to the allegation that the
9  Mayor directed the activities of the police department, there is no basis for alleging that such
10 direction was done with intent to discriminate against plaintiff based on her sexual orientation.

11   Second, plaintiff fails to allege that the purported "stand down" order by the Mayor had
12 "a discriminatory effect" on the protesters/counter-protesters who attended the Yiannopoulos
13 event.  *Richard, supra*, 261 Fed. Appx. at 65.  If there had been a lack of police protection on
14 campus during the event, presumably the effects would have been felt universally, and not only
15 by pro-Trump/pro-Yiannopoulos supporters.

16   Third, plaintiff fails to allege that Mayor Arreguin knew that plaintiff was gay (or that he
17 even knew of plaintiff), or that he knew that Milo Yiannopoulos and "a large number of his
18 supporters . . . are gay."  Complaint ¶ 105.  Therefore, there is a failure to allege any intentional
19 discrimination against plaintiff.  For these reasons, plaintiff's Second Cause of Action for
20 violation of the Equal Protection clause should be dismissed as to Mayor Arreguin.

21 **IV.   Plaintiff fails to state a claim under 42 U.S.C. Section 1983 against City of Berkeley**
22   The City of Berkeley (incorrectly sued as Berkeley Police Department) is sued under
23 three causes of action, the First Cause of Action for violation of plaintiff's rights under the First
24 Amendment, Second Cause of Action for violation of plaintiff's rights under the Equal
25 Protection clause, and Tenth Cause of Action for injunctive relief.  The first two causes of action
26 are pursuant to 42. U.S.C. section 1983, while the third is a remedy, rather than a cause of
27 action.  *See* Section V, infra.  Section 1983 suits against municipalities cannot rely upon
28 *respondeat superior* liability.  *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S.

1  658, 691 (1978).  Under Section 1983, a municipality "cannot be held liable unless a municipal
2  policy or custom caused the constitutional injury."  *Leatherman v. Tarrant County Narcotics &*
3  *Intell. Unit*, 507 U.S. 163, 166 (1993).  The heightened pleading standards of *Iqbal*, *supra*, 556
4  U.S. at 677-78 and *Twombly*, *supra*, 550 U.S. at 555, apply to *Monell* claims.  *AE ex rel,*
5  *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

6  In this case, plaintiff does not allege that any constitutional right was violated as a result
7  of an official policy or custom of the City of Berkeley.  She alleges that the Mayor and Police
8  Chief independently made decisions to deny police services to "Pro-Republican attendees of the
9  Milo Yiannopoulos event" such as plaintiff, but she does not allege that these decisions were an
10 official policy or practice of the City or the police department.  Nor does she allege that either
11 the Mayor or Police Chief, as individuals, are official policy makers of the City.  Therefore, not
12 only has she failed to meet the heightened pleading standard, she has failed to meet even basic
13 notice pleading requirements.  For this reason, the Court should dismiss plaintiff's claims as to
14 the City of Berkeley.

15 **V.**     **Plaintiff's cause of action for "injunctive relief" is not proper**

16 Plaintiff's Tenth Cause of Action purports to be a claim for "injunctive relief" against
17 Police Chief Greenwood and the City of Berkeley.  Injunctive relief is a remedy, not a cause of
18 action.  *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 684 (9th Cir. 2014);
19 *Nationstar Mortgage, LLC v. Maplewood Springs Homeowners Assoc.*, 2017 WL 843177 at *4
20 (D. Nev. 2017).  Therefore, plaintiff has not stated a "sustainable cause of action" and this cause
21 of action must be dismissed.  *Id*.

22 **VI.**    **Plaintiff's state law claims are barred by failure to allege compliance with**
23           **Government Claims Act procedures**

24 The Government Tort Claims Act requires that a tort claim against a public entity and its
25 employees be presented to the public entity prior to the filing of a lawsuit alleging claims under
26 state law.  *See* Government Code sections 945.4 and 950.2.  Government Code section 945.4
27 bars any lawsuit for damages against a public entity in which the pre-lawsuit claim requirement
28 for state law claims is not met. Government Code sections 905 and 910 require a plaintiff to file

a pre-lawsuit claim with the City before filing suit.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to filing suit.  *State v. Superior Court (Bodde),* 32 Cal. 4th 1234, 1240 (2004).  Compliance with the Tort Claims Act is an element of the cause of action.  *Id*.  Failure to allege compliance with the pre-lawsuit claim requirement is fatal to a state law tort claim for damages, and the state law claims are subject to dismissal.  *Hacienda La Puente Unified School Dist. v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992).

Nowhere in plaintiff's complaint does she allege compliance with the Tort Claims Act.  Therefore, the Court should grant the City of Berkeley Defendants' motion to dismiss plaintiff's state law claims against them.

## CONCLUSION

For the above reasons, defendants request the Court grant the City of Berkeley Defendants' motion to dismiss for failure to state a claim and failure to exhaust administrative remedies.

Dated:  July 13, 2017            Respectfully submitted:

ZACH COWAN, City Attorney
LYNNE S. BOURGAULT, Deputy City Attorney

By:   /s/ Lynne S. Bourgault
LYNNE S. BOURGAULT
Attorneys for Defendants